# APPENDIX OF PROCEDURAL HISTORY IN *DUDLEY II*

| Date | Description |
|---|---|
| 11-10-03 | Plaintiffs filed their complaint in the Circuit Court for Madison County, Illinois, Third Judicial Circuit ("Circuit Court"), purporting to assert claims, *inter alia*, that Defendants' negligently failed to prevent market timing. |
| 12-15-03 | Defendants removed to the District Court for the Southern District of Illinois ("District Court") (case no. 3:03-cv-853-WDS), on the ground, *inter alia*, that Plaintiffs' claims were precluded by the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"), 15 U.S.C. §§ 77p(c) & 78bb(f)(2).  (*Dudley II* was thereafter transferred to Judge G. Patrick Murphy.) |
| 1-27-04 | District Court remanded to the Circuit Court on the basis that Plaintiffs' claims were not SLUSA precluded because those claims were brought on behalf of mutual fund share "holders," and therefore such claims were not, as SLUSA required, "in connection with the *purchase or sale* of a covered security." |
| 2-26-04 | Defendants appealed the District Court's remand order to Court of Appeals for the Seventh Circuit ("Seventh Circuit"), on the basis that the District Court had misconstrued SLUSA's scope and improperly remanded.  (*Dudley II* was consolidated with several other related cases for purposes of appeal, and proceeded under the *Kircher* caption.) |
| 6-29-04 | The Seventh Circuit held that it had appellate jurisdiction to review the District Court's remand order.  *Kircher v. Putnam Funds Trust*, 373 F.3d 847 (7th Cir. 2004) ("*Kircher I*"). |
| 4-5-05 | In a separate opinion, the Seventh Circuit reversed the District Court's remand order, holding that SLUSA is to be broadly construed in favor of preclusion, and that SLUSA precluded Plaintiffs' claims.  *Kircher v. Putnam Funds Trust*, 403 F.3d 478, 480-81 (7th Cir. 2005) ("*Kircher II*"). |
| 9-27-05 | The United States Supreme Court ("Supreme Court") granted *certiorari* in *Dabit v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 395 F.3d 25 (2d Cir. 2005), which had interpreted SLUSA more narrowly than the Seventh's Circuit in *Kircher II*, to resolve the question "[w]hether, as the Seventh Circuit held [in *Kircher II*] and in direct conflict with the decision below, SLUSA preempts state law class action claims . . . brought solely on behalf of persons who were induced thereby to hold or retain (and not purchase or sell) securities?" *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit*, No. 04-1371, *cert. granted*, http://www.supremecourtus.gov/qp/04-01371qp.pdf. |
| 1-6-06 | The Supreme Court granted *certiorari* in *Kircher*, and, in light of its recent grant of *certiorari* in *Dabit*, limited its review to the question of appellate jurisdiction addressed in *Kircher I*.  *Kircher v. Putnam Funds Trust*, 546 U.S. 1085 (2006). |

| | |
|---|---|
| 3-21-06 | In *Dabit*, the Supreme Court held that SLUSA preclusion applied to state law class claims brought solely on behalf of "holders," and thereby expressly approved *Kircher II*'s construction of SLUSA's broad preclusive scope. *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit*, 547 U.S. 71 (2006). |
| 6-15-06 | In *Kircher*, the Supreme Court held that the Seventh Circuit did not have appellate jurisdiction to review the District Court's remand order, and remanded the case to the Seventh Circuit with directions to dismiss the appeal. *Kircher v. Putnam Funds Trust*, 547 U.S. 633, 648 (2006) ("*Kircher III*"). |
| 10-23-06 | The Seventh Circuit issued an opinion pursuant to the Supreme Court's mandate in *Kircher III*, and ordered that *Kircher* be remanded to the Circuit Court. *In re Mutual Fund Market-Timing Litig.*, 468 F.3d 439 (7th Cir. 2006) ("*Kircher IV*"). |
| 11-16-06 | Defendants removed to the District Court (case no. 3:06-cv-940-JPG), on the ground, *inter alia*, that the Supreme Court's intervening decision in *Dabit* constituted a change in law that established that this case had become removable under SLUSA. |
| 12-7-06 | Implementing the Seventh Circuit's mandate in *Kircher IV*, the District Court entered an order remanding to the Circuit Court the case that Defendants had removed in 2003 (case no. 3:03-cv-853-GPM). |
| 12-6-06 | Defendants re-removed to the District Court (case no. 3:06-cv-1014-MJR), on the ground, *inter alia*, that the District Court's December 7, 2006 remand order implementing the Seventh Circuit's mandate in *Kircher IV*, issued after Defendants' November 16, 2006 notice of removal, was an additional independent basis that warranted removal. (Case nos. 3:06-cv-940-JPG and 3:06-cv-1014-MJR were thereafter transferred to Judge Murphy.) |
| 2-1-07 | The District Court issued an opinion granting Plaintiffs' motion for remand based on a procedural defect in removal, holding that the Supreme Court's *Dabit* decision did not justify a successive removal in *Dudley II*. *Dudley v. Putnam Inv. Funds*, 472 F. Supp. 2d 1102 (S.D. Ill. 2007). |
| 3-5-07 | Defendants appealed the District Court's February 1, 2007 opinion to the Seventh Circuit. |
| 7-13-07 | The Seventh Circuit held, in light of *Kircher III*, that it lacked appellate jurisdiction to review the District Court's February 1, 2007 opinion granting Plaintiffs' motion for remand. *In re Mutual Fund Market-Timing Litig.*, 495 F.3d 366 (7th Cir. 2007). |
| 7-16-07 | The District Court remanded the *Dudley II* cases to the Circuit Court. *Dudley v. Putnam Inv. Funds*, Case Nos. 3:06-cv-00940-GPM, 3:06-cv-01014-GPM (S.D. Ill. July 16, 2007) (incorporating *Dudley v. Putnam Inv. Funds*, 472 F. Supp. 2d 1102 (S.D. Ill. 2007)). |
| 9-26-07 | Following remand, Defendants moved for judgment on the pleadings, on the basis that SLUSA precluded Plaintiffs' claims for the reasons set forth in *Kircher V* and *Potter*. |
| 12-20-07 | The Circuit Court denied Defendants' motion for judgment on the pleadings, expressly declining to follow the District Court's analysis in *Kircher V* and *Potter*. |

2

| Date | Event |
|---|---|
| 1-9-09 | In *Kircher*, Defendants moved the Circuit Court, pursuant to Ill. S. Ct. R. 308, for certification of an interlocutory appeal of the Circuit Court's December 20, 2008 order denying Defendants' motion for judgment on the pleadings. |
| 5-2-08 | In *Kircher*, the Circuit Court granted Defendants' motion for certification, and certified five questions for consideration by the Appellate Court, including the following: "1.  Does [SLUSA] preclude this action?" |
| 5-16-08 | In *Kircher*, Defendants applied to the Appellate Court, pursuant to Ill. S. Ct. R. 308, for leave to appeal of the Circuit Court's December 20, 2008 order denying Defendants' motion for judgment on the pleadings. |
| 6-10-08 | In *Kircher*, the Appellate Court granted Defendants' application for leave to appeal the Circuit Court's December 20, 2008 order denying Defendants' motion for judgment on the pleadings. |
| 1-6-10 | In *Kircher*, the Appellate Court issued a unanimous opinion (i) answering the first certified question ("Does [SLUSA] preclude this action?") in the affirmative, (ii) reversing this Court's December 20, 2007 order denying Defendants' motion for judgment on the pleadings, and (iii) remanding with directions that this Court dismiss this action. *Kircher v. Putnam Funds Trust*, 922 N.E.2d 1164 (Ill. App. Ct. 5th Dist. 2010) ("*Kircher VI*"). |
| 1-27-10 | In *Kircher*, Plaintiffs filed a petition for rehearing in the Appellate Court. |
| 2-16-10 | In *Kircher*, the Appellate Court denied Plaintiffs' petition for rehearing. |
| 3-23-10 | In *Kircher*, the time for Plaintiffs to file a petition for leave to appeal to the Illinois Supreme Court expired, and Plaintiffs did not file a petition for leave to appeal (despite publicly stating that they would do so). |
| 3-30-10 | In *Kircher*, following the expiration of the possibility of further appellate review, the Appellate Court issued a mandate implementing *Kircher VI*. |
| 3-31-10 | In *Kircher*, Defendants received a copy of the Appellate Court's March 30, 2010 mandate, thereby triggering section 1446(b)'s 30-day removal period in *Dudley I*. |
| 4-5-10 | In *Kircher*, the Circuit Court entered an order of dismissal with prejudice. |
| 4-8-10 | Defendants filed a motion to dismiss in light of the Appellate Court's decision and mandate in *Kircher*. |
| 4-15-10 | Plaintiffs (i) filed an opposition to Defendants' motion to dismiss, and (ii) moved to file an amended complaint. |
| 4-29-10 | Defendants timely filed the present Notice of Removal in the District Court. |